HON. TIMOTHY W. DORE

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| In re: | Adversary Case No. 17-01075-TWD |
|---|---|
| KIM C. KERRIGAN, Debtor. | |
| KIM C. KERRIGAN, Plaintiff, v. BAYVIEW LOAN SERVICING, LLC, M&T BANK, and FEDERAL HOME LOAN MORTGAGE CORPORATION, Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

## I. INTRODUCTION

Debtor Kim Kerrigan concedes one fact, and that fact is dispositive of the present motion: her first lawsuit against Bayview, now pending before the Ninth Circuit, sought to void the same deed of trust that this litigation seeks to void. For this reason the present adversary action is barred two-fold: (1) on account of the claim preclusion arm of *res judicata*; and (2) because the Ninth Circuit has exclusive jurisdiction of the issues of enforceability of the deed of trust, squarely to be decided in the present appeal.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS - 1
[17-01075-TWD]

Klinedinst PC
801 Second Ave., Ste. 1110
Seattle, WA 98104

Case 17-01075-TWD    Doc 10    Filed 07/14/17    Ent. 07/14/17 14:30:22    Pg. 1 of 6

While irrelevant for this motion given the foregoing, it should also be noted that Debtor only further sinks her ship when attempting to construct some shred of something in this complaint that could be timely brought. In her opposition, motion for leave to amend, and related declaration she concedes that the actions at issue here took place *in 2007*. There is no ten year statute of limitations for any applicable state or federal claim.

This claim never should have been brought, and must be dismissed.

## II. <u>DISCUSSION</u>

Debtor should have brought any claims to void the deed of trust in her prior suit, and her failure to do so now means she cannot—for reasons of claim preclusion and because that ruling is on appeal. Debtor's authority does not change the result, as none of it deals with the circumstances at bar. Indeed, Debtor's seminal case draws a distinction between the inapplicable scenario there and the analogous one here—and explicitly affirms Bayview's position in doing so.

**A.  This Second Complaint is Barred by Claim Preclusion, as Debtor's Own Authority Illustrates.**

Debtor does not argue that this subject matter was, and easily could have been, presented in the other action. Nor does Debtor deny that a final adjudication of those rights was reached adverse to her. This means the present case is barred pursuant to authority never even *mentioned* by Debtor. "The doctrine of res judicata operates to bar all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action…" *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980). In other words, if the plaintiff "had a fair opportunity to litigate that claim before a competent court prior to bringing it to the court below" it is barred. *Id.* at 458.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS - 2
[17-01075-TWD]

Klinedinst PC
801 Second Ave., Ste. 1110
Seattle, WA 98104

Case 17-01075-TWD    Doc 10    Filed 07/14/17    Ent. 07/14/17 14:30:22    Pg. 2 of 6

Instead Debtor breaks down purported "causes of action," though none actually create a right of action other than TILA,[1] but her argument with respect to all is the same—unity of parties is absent because this action is brought by Kerrigan as a debtor-in-possession as opposed to an individual.[2] But that distinction finds no support in the case authority cited by Debtor, or any case authority for that matter.

Debtor cites just one case in support of her novel position, and it deals with *judicial estoppel*, not claim preclusion. Indeed, the court explains in detail why claim preclusion *does apply* to debtor and debtor-in-possession cases, citing Ninth Circuit precedent:

> Because he had asserted defenses that belonged as much to the debtor in possession as to the debtor individually, he was obliged to bring all claims arising out of the same 'transaction' per Restatement (2d) of Judgments § 24 or be precluded for having violated the Rule Against Splitting a claim. Thus, the Ninth Circuit held the subsequent abuse of process claim to be precluded under the doctrine of claim preclusion. *DiSalvo*, 219 F.3d at 1039.
>
> It is in this context that one must construe the observation made in *DiSalvo* that, in the concededly different context of contract interpretation, the Supreme Court and the Ninth Circuit had said that there was no difference between a debtor and a debtor in possession with respect to being a party to a contract.

*Cheng v. K&S Diversified Investments,* 308 B.R. 448, 456 fn. 3 (B.A.P. 9th Cir. 2004). Indeed, the argument here is based on a contract (promissory note) also, and the *Cheng* court teaches that Bayview's position is correct: "**he was obliged to bring all claims arising out of the same**

---

[1] Neither the complaint nor the opposition explain *how* the note is to be avoided other than TILA. It is fine to argue "faulty acknowledgement" but there must be some basis in law for arguing that there was a failure and that the court can fashion a remedy. Notably, that remedy *must not be time-barred*, which is probably why Debtor refuses to explain the theory for the purported claims.

[2] Debtor also seems to imply the addition of two new defendants in some way impacts the analysis, though fails to explain how. The other two defendants are the bank Bayview is servicing the loan for (M&T Bank) and "Freddie Mac," which Debtor "on information and belief" thinks "may" be the holder of the note Bayview is servicing. (Complaint, ¶ 3) Setting aside the fact that one defendant against whom claims are asserted—Bayview—is identical, the only other related defendant is in an agency relationship with Bayview (its "privy" in the language of the cases). Moreover, if claim preclusion could be frustrated by suing the same defendant, and then adding a new one, the doctrine would *encourage* multiple litigation, not *prevent* it. Better to sue one defendant; if you win, you collect; if you lose, sue them again on a new theory and just add someone else. There is no authority for this position, which is likely why Debtor does not meaningfully forward it.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS - 3
[17-01075-TWD]

Klinedinst PC
801 Second Ave., Ste. 1110
Seattle, WA 98104

Case 17-01075-TWD    Doc 10    Filed 07/14/17    Ent. 07/14/17 14:30:22    Pg. 3 of 6

**"transaction" … or be precluded** for having violated the Rule Against Splitting a claim." *Id.* That is this case, and Debtor is precluded from splitting her claim by bringing it again in this court. Both the Debtor and the debtor-in-possession[3] have/had the same contractual arguments they are asserting now, and could (and should) have brought them all in one action instead of impermissibly splitting the claim once they lost the first iteration.

**B.     The Issues Present Here are Before The Ninth Circuit, Rendering Inconsistent Decisions More Than Theoretical.**

Nowhere in Debtor's opposition does she refute the authority that this court lacks jurisdiction over the "subject matter" of any matter pending before the Ninth Circuit. Nowhere in Debtor's opposition does she refute that the district court action sought to void the very same note this action seeks to void. Nowhere in Debtor's opposition does she refute that the enforceability of the note was decided against her, and is currently pending before the Ninth Circuit court of appeal. Nowhere in the opposition does Debtor explain how this court determining the note is voidable could possibly be reconciled with the Ninth Circuit deciding that it was not void (or vice versa). Nowhere in the opposition does Debtor provide the court with even *one* case permitting this highly unusual attempt to litigate the same subject matter in a lower court while pending on appeal. This record leaves the result incontrovertible—this court must dismiss the adversary action because its subject matter is on appeal.

**C.     Nothing in the Complaint, the Declaration, or Motion for Leave to Amend States a Timely Cause of Action.**

Debtor's claims are time-barred, by years. Debtor's argument that she need not assert a TILA cause of action based on *Hinrichsen* may or may not be true, but is meaningless for purposes of this motion; the *Hinrichsen* court pointed out that the plaintiff in that case was not asserting a TILA claim, but here *Debtor is asserting a TILA claim* for "fees," "finance and other charges." If she doesn't need to assert a TILA claim, then the complaint should be dismissed as

---

[3] The fact that Debtor, as debtor-in-possession, has certain rights to avoid transfers does nothing to the inquiry—there still must be a basis to avoid, and here there is none. Plenary powers are meaningless without justification for avoidance. *Cohen* did not involve the debtor-in-possession trying to avoid after doing it a few months prior as debtor.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS - 4
[17-01075-TWD]

Klinedinst PC
801 Second Ave., Ste. 1110
Seattle, WA 98104

Case 17-01075-TWD    Doc 10    Filed 07/14/17    Ent. 07/14/17 14:30:22    Pg. 4 of 6

lacking a case or controversy. If she does, then she must do so within the statute of limitations. Her argument that if she has purportedly rescinded it thereby renders any subsequent action timely is absurd—the argument would render the statute of limitations for TILA superfluous.

The merits of her purported TILA claim are less than dubious, but need not be addressed in the context of this motion given the dispositive arguments presented. The claim is untimely (like FDCPA, which appears to be dismissed, and any other potential claim), if the court could somehow avoid both the claim preclusion and jurisdictional bars.

### III.  CONCLUSION

Debtor is trying to void her deed of trust a second time after failing a few months ago. Her purported rationale for doing so—to use this suit to leverage concessions from her lender—does not change the facts, or the law. Debtor should have advanced all of her arguments related to the note and deed of trust in the last action. Her failure to do prevents her from doing so here, not only because one cannot split a claim, but also because her first try is on appeal. Accordingly, Bayview respectfully requests that its motion to dismiss be granted. Because adding new allegations will not preclude the fact that Debtor *should have* advanced them all in the prior action, nor will it magically grant this court subject matter jurisdiction over the subject matter of this suit, leave to amend should be denied.

DATED this 14th day of July, 2017.

By: *s/ Gregor A. Hensrude*
Gregor A. Hensrude, WSBA No. 45918
KLINEDINST PC
801 Second Ave., Ste. 1110
Seattle, WA 98104
Tel: (206) 682-7701
Email:   ghensrude@klinedinstlaw.com
Attorneys for Defendants

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS - 5
[17-01075-TWD]

Klinedinst PC
801 Second Ave., Ste. 1110
Seattle, WA 98104

Case 17-01075-TWD    Doc 10    Filed 07/14/17    Ent. 07/14/17 14:30:22    Pg. 5 of 6

# CERTIFICATE OF SERVICE

I, Sharon K. Hendricks, hereby certify that on the date below, I electronically filed the foregoing with the U.S. Bankruptcy Court, Western District of Washington, using the CM/ECF system, which will send notification of this filing to the following parties of record:

*Attorneys for Plaintiff*
Scott E. Stafne
STAFNE LAW FIRM
239 N. Olympic Ave.
Arlington, WA 98223
scott@stafnelawfirm.com
pam@stafnelawfirm.com
wwactfilings@aol.com

DATED this 14th day of July, 2017, at Seattle, Washington.

KLINEDINST PC

By: *s/ Sharon K. Hendricks*
Sharon K. Hendricks, Legal Secretary

17023013v1

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS - 6
[17-01075-TWD]

Klinedinst PC
801 Second Ave., Ste. 1110
Seattle, WA 98104

Case 17-01075-TWD    Doc 10    Filed 07/14/17    Ent. 07/14/17 14:30:22    Pg. 6 of 6